IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

DAVID DERRICK SOUTH                    §
     TDCJ-CID NO. 1299678            §
v.                                     §            C.A. NO. C-11-412
                                       §
THE STATE OF TEXAS                     §

**OPINION AND ORDER DISMISSING ACTION**

     Plaintiff is an inmate in the Texas Department of Criminal Justice, Correctional

Institutions Division, and is currently confined at the McConnell Unit in Beeville, Texas.

Proceeding pro se, Plaintiff filed this action seeking relief from a final judgment pursuant to Rule

60(b)(5) of the Federal Rules of Civil Procedure.  (D.E. 1).  His motion to proceed in forma

pauperis was granted and a collection order was issued.  (D.E. 8).  Upon Plaintiff's consent,

(D.E. 3), the action was referred to a United States Magistrate Judge to conduct all further

proceedings, including entry of final judgment.  (D.E. 5); see also 28 U.S.C. § 636(c).  For the

reasons stated herein, this action is summarily dismissed without prejudice.

**I.  DISCUSSION**

**A.      This Court Lacks Subject Matter Jurisdiction Over This Action.**

     A federal court cannot entertain any legal proceedings over which it possesses no subject

matter jurisdiction.  The Supreme Court has long recognized that the lack of subject matter

jurisdiction constitutes an infirmity that is incurably fatal to the prospects of any case before a

federal court.  See generally Capron v. Van Noorden, 6 U.S. (2 Cranch) 126 (1804).  Subject

matter jurisdiction is never presumed–a litigant seeking the exercise of federal jurisdiction bears

the constant burden of proving that he is entitled to have his action adjudicated by a federal

court:

> The prerequisites to the exercise of jurisdiction ... are conditions
> which must be met by the party who seeks the exercise of

> jurisdiction in his favor.  He must allege in his pleading the facts
> essential to show jurisdiction.  If he fails to make the necessary
> allegations he has no standing....  In the nature of things, the
> authorized inquiry is primarily directed to the one who claims that
> the power of the court should be exerted in his behalf.  As he is
> seeking relief subject to this supervision, it follows that he must
> carry through the litigation the burden of showing that he is
> properly in court.

McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 189 (1936); accord Opelika Nursing

Home, Inc. v. Richardson, 448 F.2d 658, 664 (5th Cir. 1971) (quoting McNutt).  Additionally, it

is the duty of the federal courts to be alert to jurisdictional requirements.  See Bender v.

Williamsport Area Sch. Dist., 475 U.S. 534, 541 (1986) ("every federal appellate court has a

special obligation to satisfy itself not only of its own jurisdiction, but also that of the lower

courts in cause under review, even though the parties are prepared to concede it") (quoting

Mitchell v. Maurer, 293 U.S. 237, 244 (1934)).  Accordingly, the Federal Rules of Civil

Procedure provide that "[i]f the court determines at any time that it lacks subject-matter

jurisdiction, the court must dismiss the action."  Fed. R. Civ. P. 12(h)(3).

Plaintiff has not alleged any factual basis on which federal court jurisdiction exists.  The

complaint details a transaction between Plaintiff and the 221st Judicial District Court of

Montgomery County, Texas in which he became a surety for the performance of Government

Contract Number #04-06-04196-CR.  (D.E. 1, at 1).  Assuming the truth of this assertion, he has

not shown or even pled any basis on which this Court possesses the subject matter jurisdiction

necessary to entertain this action.  Plaintiff has chosen to bring a purported contract claim, which

is governed by state law, without including any facts relevant to this Court's federal question or

diversity jurisdiction.  See 28 U.S.C. §§ 1331-1332.  Because he has failed to carry his burden of

showing that federal court jurisdiction is appropriate, this action is dismissed.

**B.      This Action Is Frivolous.**

Even if Plaintiff could demonstrate that this Court possessed the requisite subject matter jurisdiction to hear this contract dispute, his lawsuit still warrants dismissal because he cannot show that he is entitled to legal relief.  As a general matter, a plaintiff's pro se complaint must be read indulgently, Haines v. Kerner, 404 U.S. 519, 520 (1972), and his allegations must be accepted as true, unless they are clearly irrational or wholly incredible, Denton v. Hernandez, 504 U.S. 25, 33 (1992).  Nonetheless, a plaintiff's claims brought pursuant to an in forma pauperis complaint may be dismissed if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief.  See 28 U.S.C. § 1915(e)(2)(B)(i).

Pursuant to § 1915(e)(2)(B)(i), a claim is frivolous when it lacks an arguable basis either in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Talib v. Gilley, 138 F.3d 211, 213 (5th Cir. 1998) (citations omitted).  A claim "'lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist.'"  Harper v. Showers, 174 F.3d 716, 718 (5th Cir. 1999) (citation omitted).  It lacks an arguable factual basis only if the facts alleged are "clearly baseless," a category encompassing fanciful, fantastic, and delusional allegations.  Denton, 504 U.S. at 32-33; Neitzke, 490 U.S. at 327-28.  Therefore, the Court must determine whether the plaintiff's claims are based on an indisputably meritless legal theory or clearly baseless factual allegations.  See Moore v. Mabus, 976 F.2d 268, 269-70 (5th Cir. 1992).

This action is frivolous because the doctrine of state sovereign immunity plainly bars Plaintiff from proceeding in this lawsuit against the state of Texas.  The Eleventh Amendment specifically prohibits federal court adjudication of "any suit in law or equity, commenced or

prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."  U.S. Const. amend. XI.  As the Supreme Court further elaborated, the Eleventh Amendment also precludes suits filed by an individual against his own State.  See Hans v. Louisiana, 134 U.S. 1, 10-11, 15 (1890) (rejecting the plaintiff's argument that the Eleventh Amendment did not bar a lawsuit against his own State); accord Welch v. Texas Dep't of Highways & Pub. Transp., 483 U.S. 468, 472 (1987) ("the Court long ago held that the Eleventh Amendment bars a citizen from bringing suit against the citizen's own State in federal court, even though the express terms of the Amendment refer only to suits by citizens of another State"); In re Katrina Canal Litig. Breaches, 524 F.3d 700, 708 (5th Cir. 2008) ("In Hans v. Louisiana, the Court held that the Eleventh Amendment bars suits against a State by the State's own citizens ...") (same).

Plaintiff has chosen to sue the State of Texas, seeking the release of his property in accordance with the terms of an alleged contract.[1]  Regardless of whether he is a citizen of Texas or another State, he is not permitted to obtain recovery in federal court.  Given that this legal theory is "undisputably meritless" and lacks an arguable basis in law, Harper, 174 F.3d at 718, this action is frivolous and dismissed pursuant to § 1915(e)(2)(B)(i).  See Thomas v. Texas Dep't. of Family and Protective Servs., 427 F. App'x 309, 311-313 (5th Cir. 2011) (per curiam) (unpublished) (affirming the district court's sua sponte dismissal of an in forma pauperis complaint on the basis of § 1915(e)(2)(B) because the Eleventh Amendment state sovereign immunity barred the plaintiff from bringing suit against a State entity).

---

[1] This is not Plaintiff's first attempt at creative litigation.  This Court has already dismissed as frivolous petition for a writ of mandamus against a state district judge: "Petitioner, who is serving a life sentence for capital murder, contends that respondent has a ministerial duty to release him from prison under the Federal Debt Collection Act because he surrendered 'negotiable instruments' and 'paid his debt to the State of Texas,' and his obligations have been 'discharged.'" South v. Michalk, No. H-11-1879 (S.D. Tex. May 18, 2011) (order of dismissal).

## II.  CONCLUSION

Based on the foregoing reasons, this action is summarily dismissed without prejudice.[2]

Moreover, it is ORDERED that the Clerk provide copies of the dismissal order to the District

Clerk for the Eastern District of Texas, Tyler Division, 211 West Ferguson, Tyler Texas, 75702,

Attention: Betty Parker.

ORDERED this 11th day of January 2012.

_____
BRIAN  L. OWSLEY
UNITED STATES MAGISTRATE JUDGE

---

[2] If Plaintiff intends to challenge the legality of his confinement by the Texas Department of Criminal Justice, he should refile a petition for habeas corpus relief pursuant to 28 U.S.C. § 2254 in the proper district and division.  Because Plaintiff was convicted in Montgomery County, Texas, he should file any such habeas petition in the Houston division of the Southern District of Texas.  See 28 U.S.C. § 124(b)(2); Davis v. Thaler, No. H-11-2515, 2011 WL 2837502 at *1 (S.D. Tex. July 15, 2011) (unpublished) ("It is policy of the Southern District of Texas to transfer habeas corpus petitions filed by state prisoners to the division in which the petitioner's underlying conviction was entered.") (citations omitted).